# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOSHE D. SHARABI,<br>BOP Reg. No. 08309-087,<br><br>                                  Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING, LLC;<br>MIDLAND CREDIT MANAGEMENT, Inc.,<br><br>                                Defendants. | Civil No.    14cv1145 GPC (RBB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, IMPOSING INITIAL PARTIAL FILING FEE, AND GARNISHING REMAINING BALANCE FROM PRISONER TRUST ACCOUNT**<br>**[ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE UPON DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(d) AND FED.R.CIV.P. 4(c)(3)** |

      Moshe D. Sharabi ("Plaintiff"), a federal inmate currently incarcerated at the Federal Correctional Institution ("FCI") in Otisville, New York, and proceeding pro se, has filed a civil action pursuant to 28 U.S.C. § 1331, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1962 et seq. *See* Compl. at 1.

/ / /

Plaintiff has not prepaid the filing fees required to commence a civil action pursuant to 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.[1] *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, if the plaintiff is a prisoner, and he is granted leave to proceed IFP, he remains obligated to pay the entire fee in installments and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

1   The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's statement shows an average monthly balance of $143.05, average monthly deposits of $212.96, and an available balance of $415.15 at the time he filed his Complaint. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses an initial partial filing fee of $42.59 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Warden of FCI Otisville, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

A complaint filed by *any* person proceeding IFP is subject to an initial review and sua sponte dismissal by the Court if Plaintiff's complaint is found frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

/ / /

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). The court "ha[s] an obligation where the petitioner is pro se, . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

Here, the Court finds Plaintiff's FCRA and FDCPA claims are sufficient to survive the initial screening required by 28 U.S.C. § 1915(e)(2).[2] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may

///

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is **GRANTED**.

2. The Warden of FCI Otisville, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, if sufficient funds are available at the time the Order is executed, and in any event shall thereafter forward the remainder of the total $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Warden, FCI Otisville, Federal Correctional Institution, P.O. Box 1000, Otisville, New York, 10963.

**IT IS FURTHER ORDERED** that:

4. The Clerk shall issue a summons upon Defendants and forward it to Plaintiff along with blank U.S. Marshal Form 285s for each Defendant. In addition, the Clerk shall provide Plaintiff with copies of this Order, his Complaint, and the summons for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the USM Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendants as directed by

///

Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States.

5. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

IT IS SO ORDERED.

DATED: July 24, 2014

HON. GONZALO P. CURIEL
United States District Judge